IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dwane Heyward,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Careteam Plus, Inc. and Johanna Haynes,<br><br>　　　　　Defendants. | C/A No. 4:21-cv-0754-SAL-TER<br><br>**OPINION AND ORDER** |

This matter is before the court for review of the September 30, 2021 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 36.] In the Report, the Magistrate Judge recommends that the court grant Defendants' motion to dismiss Plaintiff's causes of action for hostile work environment, wrongful termination, slander, and negligent supervision. For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

This action was brought by Plaintiff against her former employer, Careteam Plus, Inc. ("Careteam Plus"), and its chief executive officer, Johanna Haynes ("Haynes"). Plaintiff worked as a Prevention Coordinator at Careteam Plus, where her responsibilities included facilitating testing for HIV and other outreach activities. The specific facts are fully set forth in the Report, and the court will not repeat them here.

Plaintiff filed a complaint on February 8, 2021, alleging six causes of action: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

1

2000(e) *et seq.* and 42 U.S.C. § 1981; (2) retaliation in violation of Title VII; (3) hostile work environment in violation of Title VII; (4) wrongful termination in violation of public policy; (5) slander; and (6) negligent supervision.  On March 23, 2021, Defendant filed a partial motion to dismiss Plaintiff's third through sixth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion").  [ECF No. 5.]  Plaintiff filed her response in opposition on April 11, 2021.  [ECF No. 10.]  The Magistrate Judge issued his Report on September 30, 2021.  [ECF No. 36.]  Thereafter, Plaintiff filed her objections to the Report, ECF No. 37, Defendants replied, ECF No. 38, and the matter is now ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992).  In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint

or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Plaintiff objects to the Report's recommended dismissal of Plaintiff's third through sixth causes of actions for hostile work environment; wrongful termination in violation of public policy; slander; and negligent supervision. The objections, however, are merely a reassertion of the factual allegations and arguments Plaintiff made in response to Defendants' Motion. *See* [ECF Nos. 10, 37.] Mere reassertions of previous arguments do not constitute specific objections. *See Workman v. Perry*, No. 6:17-cv-0765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Although Plaintiff's objections are subject to dismissal on this ground alone, the court will nevertheless address them.

### I. Hostile Work Environment

In her first objection, Plaintiff suggests that the Report evaluated her hostile work environment claim too narrowly by considering only whether she alleged sufficient acts of harassment based on her race. *See* [ECF No. 37 at 7.] She contends that her claim is based on a "combination of discrimination based on race but also based on the pattern of retaliation that the Defendant, Johanna

3

Haynes was out to perpetrate." *Id.* At issue in the Report, however, is Plaintiff's *third* cause of action which alleges that Plaintiff was "subjected to discrimination based on her Race" causing a "hostile work environment." Compl. ¶¶ 138, 140. Defendants' partial motion to dismiss did not challenge Plaintiff's second cause of action for retaliation. Therefore, those allegations were not addressed by the Report and are not at issue in the instant action. Further, as Defendants argue, Plaintiff cannot rely on the conduct upon which she bases her retaliation claim to support a separation cause of action for a hostile work environment. [ECF No. 38 at 5 (citing *Orouijan v. Delfin Group USA LLC*, 57 F.Supp.3d 544, 555 (D.S.C. 2014)]; *see also Franklin v. Potter*, 600 F.Supp.2d 38, 76 (D.D.C. 2009) ("Cobbling together a number of distinct, disparate acts will not create a hostile work environment, because '[d]iscrete acts constituting discrimination or retaliation claims . . . are different in kind from a hostile work environment claim . . . .'" (citation omitted)). The Report, therefore, correctly focused on whether Plaintiff's third cause of action was supported by sufficient allegations of severe or pervasive harassment based on her race. *See* [ECF No. 36 at 7–12.] The Report concluded that the cause of action was not sufficiently supported, and the Plaintiff in her objections merely asserts that the Report reached the wrong conclusion.

Plaintiff argues that when taking the complaint as a whole it is clear that she was subjected to severe and pervasive harassment by Haynes and that she can substantiate her claim with recordings and witnesses. [ECF No. 37 at 6–7, 10.] Plaintiff devotes several pages to re-stating factual allegations made in her complaint, which she alleges that the Report ignored. *Id.* at 7-10 (quoting Pl.'s Compl. ¶¶ 50, 62–76, 87–88, 97–98). However, the court finds no error in the Report's characterization of the facts. The Report correctly found that Plaintiff's factual allegations indicated increased questioning by Haynes regarding Plaintiff's decisions, a poor performance

review, and a written warning regarding her performance, but the allegations were insufficient to allege severe or pervasive harassment based on race. [ECF No. 36 at 10-11]; *see Evans v. Int'l Paper Co.*, 936 F.3d 183, 192 (4th Cir. 2019).

Plaintiff's objections, therefore, are overruled, and the court adopts the Report's recommendation to dismiss her third cause of action for hostile work environment.

## II. Wrongful Termination

In her next objection, Plaintiff asserts that she has stated a claim for wrongful termination in violation of public policy because her complaint clearly alleges that the Plaintiff was instructed by Haynes to conduct testing in gay bars in violation of the law, "and that in and of itself is clearly a violation of public policy." [ECF No. 37 at 11, 13.] As the Report sets forth, South Carolina's public policy exception to the at-will employment doctrine clearly applies where: (1) the employer requires the employee to violate the law or (2) the reason for the employee's termination is itself a violation of criminal law. [ECF No. 36 at 13 (citing *Lawson v. South Carolina Dep't of Corrections*, 532 S.E.2d 259, 260 (S.C. 2000)).]. Although a claim for wrongful termination in violation of public policy is not limited to those situations, the plaintiff must "allege more than a general statement that her discharge violated public policy." *Id.* at 14 (quoting *McNeil v. S.C. Dep't of Corr.*, 743 S.E.2d 843, 847 (S.C. Ct. App. 2013)). The complaint must set forth specific allegations that enable the court to determine what clear mandate of public policy was violated. *Id.; Bell v. Nucor Corp.,* No. 2:15-cv-03534, 2016 WL 4435678, at *4 (D.S.C. Aug. 19, 2016).

Because Plaintiff's complaint fails to allege either of the two situations in which the public policy exception clearly applies, she must sufficiently allege that a clear mandate of public policy was violated by her termination. The court agrees with the Report's assessment that Plaintiff's factual allegations were insufficient for the court to determine what public policy was violated by

Defendants. And the allegations were certainly insufficient to allege that a "clear mandate of public policy" was violated. The court, therefore, adopts the Report's recommendation to dismiss Plaintiff's wrongful discharge cause of action.

### III. Slander.

Plaintiff asserts that the Report failed to consider her complaint in its entirety in evaluating her slander cause of action. Plaintiff maintains she clearly alleges that Haynes made several false statements regarding Plaintiff's job performance. *See* [ECF No. 37 at 13–14, 17.] However, the Report recommended dismissal because Plaintiff failed to "specifically allege what the false statements were other than they were about her work performance" and "fail[ed] to identify to whom the false statements were made." [ECF No. 36 at 16–17.] Plaintiff, again, devotes several pages in her objections to re-stating the factual allegations contained in her complaint but does not point to any allegation which identifies the specific content of the allegedly false statements made by Haynes or to whom they were made.

Outside of the pleadings, Plaintiff claims that she has recordings and witnesses that will substantiate her claims. At this motion to dismiss stage, however, the court is limited to a review of the factual allegations in her complaint. Plaintiff's objections are, therefore, overruled, and the court adopts the Report's recommendation to dismiss Plaintiff's fifth cause of action for slander.

### IV. Negligent Supervision.

In her final objection, Plaintiff argues that her negligent supervision claim is not barred by the exclusivity provision of the South Carolina Worker's Compensation Act ("SCWCA"). [ECF No. 37 at 17.] To the extent that Plaintiff alleges that her claim falls outside of the exclusivity provision because she alleges an injury to her reputation, this argument is misplaced. *See id.* Here, the tort alleged is negligence, which falls within the scope of the SCWCA's exclusivity provision. *See*

6

*Williams v. GlaxoSmithKline LLC*, No. 1:18-cv-01346, 2019 WL 211087, at *6 (D.S.C. Jan. 16, 2019). And the injuries alleged are "emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity" and other intangible injuries. [ECF No. 36 at 18.]

The Report correctly noted that when the allegations, as here, "include only stress and mental injuries unaccompanied by physical injury, the court has to take the additional step of determining whether the mental injuries resulted from 'any event or series of events . . . taken in an extraordinary or an unusual manner.'" *Id.* (citing *Kerr v. Hammond Sch.*, No. 3:17-cv-3109, 2018 WL 3132409, at *2 (D.S.C. Feb. 22, 2018).] That is because when a plaintiff suffers such psychological harm in an "extraordinary or an unusual manner" her injuries are covered under the SCWCA, and she may *not* seek damages from her employer. *Kerr v. Hammond Sch.*, No. 3:17-cv-3109, 2018 WL 1737090, at *3 (D.S.C. Apr. 11, 2018). The Report correctly found that Plaintiff's allegations met this "extraordinary and unusual" standard, and Plaintiff does not argue otherwise. Therefore, the Report was correct in finding that Plaintiff's negligence claims against Defendant are barred by the exclusivity provision of the SCWCA, and the court adopts the Report's recommendation to dismiss Plaintiff's sixth cause of action.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 36, in its entirety and incorporates the Report by reference herein. As a result, the Defendant's partial motion to dismiss, ECF No. 5, is **GRANTED**.

**IT IS SO ORDERED.**

February 10, 2022  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge